**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4394**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY DYSON BELL, a/k/a Wu,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:18-cr-00931-RBH-1)

Submitted: February 28, 2020                  Decided: March 27, 2020

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elizabeth Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Dyson Bell appeals his conviction and 57-month sentence imposed pursuant to his guilty plea to possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). Bell's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court fully complied with Fed. R. Crim. P. 11 and whether Bell's sentence is reasonable. Although informed of his right to do so, Bell did not file a pro se supplemental brief. The Government declined to file a response.[*]

Counsel first questions whether the district court complied with Rule 11, but points to no specific error. As Bell did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail on a claim of plain error, Bell must demonstrate not only that the court erred but that the error affected his substantial rights. *Id.* at 816.

Before accepting a guilty plea, the court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and

---

[*] Because the Government fails to assert the appeal waiver, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

We conclude that the district court substantially complied with Rule 11. Moreover, the court ensured that Bell entered his plea knowingly and voluntarily and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20. Because Bell has failed to show that the district court's acceptance of his guilty plea was improper, we affirm his conviction.

Next, we review Bell's sentence for reasonableness, applying "a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we generally consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2018) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). As Bell did not preserve his procedural reasonableness claim below, we review for plain error. *See United States v. Lynn*, 592 F.3d 572, 577-80 (4th Cir. 2010).

The district court properly calculated Bell's advisory Guidelines range and considered the § 3553(a) factors. However, the court did not provide an individualized

assessment of the sentence it imposed. At sentencing, the court did not address how the § 3553(a) sentencing factors applied to Bell or his offense. Nevertheless, any error did not affect Bell's substantial rights, as the court imposed the exact within-Guidelines-range sentence requested by Bell.

Because Bell's sentence is procedurally reasonable, we next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). Such a "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted). Here, Bell's within-Guidelines-range sentence is presumed reasonable. Because Bell does not argue that his sentence is substantively unreasonable, he has failed to rebut the presumption. We therefore affirm Bell's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bell, in writing, of the right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED